IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED
JUN - 3 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 20-103 |
| JOHN BOYD | [UNDER SEAL] |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Brendan T. Conway, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a one-count Indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to Possess with Intent to Distribute and Distribute 40 Grams or More of Fentanyl | 21 U.S.C. § 846 |
| | From an uncertain date in 2018 to in and around November 2019 | |

### II. ELEMENTS OF THE OFFENSE

**As to Count 1:**

In order for the crime of Conspiracy to Possess with Intent to Distribute and Distribute 40 Grams or More of Fentanyl, in violation of 21 U.S.C. § 846, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to possess with the intent to distribute or to distribute a controlled substance.

2. That JOHN BOYD was a party to or member of that agreement.

3. That JOHN BOYD joined the agreement or conspiracy knowing of its objective to possess with intent to distribute or to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that JOHN BOYD and at least one other alleged conspirator shared a unity of purpose and the intent to achieve those objectives.

4. That fentanyl is a Schedule II controlled substance.

5. That the amount of fentanyl attributable to the defendant as a result of his own conduct and the conduct of conspirators reasonably foreseeable to him was 40 grams or more. 21 U.S.C. §§ 841(b)(1)(B)(vi).  (Apprendi v. New Jersey, 530 U.S. 466 (2000); Alleyne v. United States, 133 S. Ct. 2151 (2013)).

Third Circuit Model Criminal Jury Instruction 6.21.846B (modified).

### III. PENALTIES

**As to Count 1: Conspiracy to Possess with Intent to Distribute and Distribute 40 Grams or More of Fentanyl (21 U.S.C. § 846):**

1. A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

2. A fine not to exceed $5,000,000.

3. A term of supervised release of at least four (4) years.

2

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

1. A term of imprisonment of not less than ten (10) years to a maximum of life.

2. A fine not to exceed $8,000,000.

3. A term of supervised release of at least eight (8) years.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed if the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Restitution is not applicable in this case.

### VI. FORFEITURE

Forfeiture is not applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney


*/s/ Brendan T. Conway*
BRENDAN T. CONWAY
Assistant U.S. Attorney
PA ID No. 78726